UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SULTAN M ALGHAMDI,<br><br>               Plaintiff,<br><br>v.<br><br>BOISE STATE UNIVERSITY,<br><br>               Defendant. | Case No. 1:25-cv-00669-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Sultan Alghamdi's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Alghamdi's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Alghamdi's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court GRANTS Alghamdi's application to proceed in forma pauperis and will allow him to pay the filing fee over time. That said, after a review of the Complaint, the Court must DISMISS WITHOUT PREJUDICE. It will, however, allow Alghamdi an opportunity to remedy the shortcomings in his Complaint.

## II. BACKGROUND

Alghamdi is suing Boise State University ("BSU") for, among other things,

MEMORANDUM DECISION AND ORDER - 1

allegedly violating his First and Fourteenth Amendment rights. *See generally,* Dkt. 2. Alghamdi alleges that while he was employed at BSU, he was subjected to a hostile work environment, false write-ups, and retaliation for reporting discrimination, to name a few. *Id*. at 5. Alghamdi seeks to proceed in forma pauperis, citing his poverty. Dkt. 1.

### III. LEGAL STANDARDS

#### A. Application for Leave to Proceed in Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

#### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any

portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. ANALYSIS

### A. Application to Proceed in Forma Pauperis

Alghamdi utilized the Administrative Office of the Court's generic in forma pauperis form. Alghamdi reported his monthly income to be $2,390 from his employment at Trinity Health, and that he recently received a one-time $9,000 pension payment. Dkt. 1, at 2. Alghamdi claims he has $397.70 in a checking account and $1.31 in a savings account. *Id*. at 3. Alghamdi indicated that he is looking for a second job. *Id*. at 5. Alghamdi claims his monthly living expenses are $2,225 ($1,650 for rent or home mortgage, $75 and

MEMORANDUM DECISION AND ORDER - 3

$50 for utilities, $250 for food, $50 for clothing, and $150 for a loan payment), which leaves him with $165 in discretionary income each month. *Id*. at 4. On these facts, Alghamdi could not likely pay the standard $400 filing fee all at once without sacrificing the necessities of life. He could, however, submit a monthly payment in proportion to his reported discretionary income and pay the filing fee over time. Because food, housing, and utilities are included in his expenses, the Court infers that Alghamdi's remaining funds are truly discretionary: available to him for entertainment, travel, or recreation.

Thus, the Court finds that $100—the amount Alghamdi keeps each month after providing for his necessities—is an appropriate monthly fee considering his cash flow in the recent past and his monthly income. Alghamdi will be required to pay the $400 filing fee in $100 monthly installments. By also delaying the due date of the first payment, the Court can ensure this fee does not literally or figuratively take Alghamdi's "last dollar."

## B. Sufficiency of Complaint

Alghamdi used an Administrative Office of the Courts civil cover sheet and Pro Se Complaint for a Civil Case to file his Complaint against BSU. Dkt. 2. Therein, Alghamdi relies on Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, and states violations of his First and Fourteenth Amendment rights as the basis for federal jurisdiction. *Id*. at 3. Alghamdi's statement of claim is as follows:

> The Plaintiff, an employ of Boise State University, was subjected to national origin and disibility [sic] discrimnation [sic], Hostile work enviroment [sic], false write ups, misuse of medical information, interference with FMLA rights, Retalition [sic] For reporting discrimnation [sic], Adverse actions, and termination. CARE actions were used without notice, and without any fair

MEMORANDUM DECISION AND ORDER - 4

process. - April 2023-April 2025.

*Id*. at 5. Alghamdi is seeking, among other things, reinstatement, compensatory damages, emotional distress and punitive damages, costs of the lawsuit, and injunctive relief to prevent further retaliation. *Id*. at 6.

A review of Alghamdi's Complaint satisfies the Court that it does not comply with the pleading requirements in any way which would allow the Court to determine if it contains any cognizable causes of action. To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *Iqbal*, 556 U.S. at 677-78. Additionally, a plaintiff must state a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a). Here, Alghamdi's claims lack specificity and any indication of what legal theory he is relying upon to bring his claims against BSU. *See generally* Dkt. 2. The Court cannot allow a lawsuit to proceed until Alghamdi can allege actual, specific facts against named individuals or entities and identify what law or statute was violated, how it was violated, and why he is entitled to relief.

At present, Alghamdi's Complaint—that vaguely alleges violations of various Acts and constitutional claims stemming from his employment at BSU—does not rise to the level of legal claims with available remedies.

That said, the Court finds that amending the Complaint to include facts supporting a plausible violation of the U.S. Constitution may remedy its deficiencies. As such, the Court will provide an opportunity for Alghamdi to amend the Complaint and include those facts, should they exist. *See Jackson*, 353 F.3d at 758.

MEMORANDUM DECISION AND ORDER - 5

Any refiling by Alghamdi should include a short and plain statement, and include facts alleging that Alghamdi is entitled to relief. If this is a civil rights claim—which it appears it could be—Alghamdi must state the "who, what, where, when, why, and how" of each and any claim, including: (1) the name of the person or entity he claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action he alleges is unconstitutional; (5) the particular provision of the Constitution he alleges has been violated; (6) facts indicating the elements of the violation are met; (7) the injury or damages he personally suffered; and (8) the particular type of relief he is seeking from each defendant.

## V. CONCLUSION

Alghamdi sufficiently proved his indigency and the Court will allow him to pay the filing fee over time. Additionally, the Court finds that Alghamdi's Complaint is deficient and therefore DISMISSES the Complaint WITHOUT PREJUDICE. Alghamdi may amend his Complaint and refile if he so chooses.

## VI. ORDER

1. Alghamdi's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is GRANTED. Alghamdi need not prepay the fee *in full*; however, he must pay $100.00 per month to the Clerk of the Court, on or before the last day of each month, with the first payment due May 1, 2026, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule will result in dismissal of this

case without further notice.

2.  Alghamdi's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. The Court grants Alghamdi leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Alghamdi must file his Amended Complaint within thirty (30) days of the issuance of this Order.

3.  Failure to submit a Second Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: April 2, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7