UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SULTAN M ALGHAMDI,

Plaintiff,

v.

BOISE STATE UNIVERSITY,

Defendant.

Case No. 1:25-cv-00669-DCN

**SECOND INITIAL REVIEW ORDER**

## I. INTRODUCTION

On November 24, 2025, Sultan Alghamdi filed an Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and a Complaint against the Defendant (Dkt. 2). The Court granted the Application for Leave to Proceed in Forma Pauperis and dismissed the Complaint without prejudice, granting thirty days to amend it. Dkt. 4. Within that period, Alghamdi filed the Amended Complaint. Dkt. 5. The Court reviews the expanded claims alleged in the Amended Complaint and finds they are sufficient to pass the low threshold pleading bar.

## II. BACKGROUND

As stated in the Amended Complaint, Alghamdi is suing Boise State University ("BSU") for allegedly violating Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act ("FMLA"). *See generally* Dkt. 5. Among other things, Alghamdi claims that while employed at BSU he was: denied a shift-transfer, wrongfully disciplined, retaliated against for reporting discrimination, and ultimately terminated. *Id.*

## III. LEGAL STANDARD

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## IV. ANALYSIS

At face value, Alghamdi's Amended Complaint survives an initial analysis under 28 U.S.C. § 1915(e)(2): (1) the Amended Complaint is neither frivolous nor malicious; (2) the Amended Complaint states a claim upon which relief can be granted; (3) and the Amended Complaint does not seek monetary relief from a defendant immune from such relief. *See*

28 U.S.C. § 1915(e)(2)(B)(i–iii).

Addressing the second prong under 28 U.S.C. § 1915(e)(2), Alghamdi's Amended Complaint alleges facts sufficient to show a plausible claim for relief. *See Ashcroft*, 556 U.S. at 677–78 (2009) (citing *Twombly*, 550 U.S. 544). Some specifically alleged facts supporting his claims include:[1] Alghamdi's requests for a flexible summer schedule was reviewed in an unprecedented manner and ultimately denied, while the same accommodation was granted to another employee (Dkt. 5, 1–2); he was assigned to rotating work locations and given additional assignments (*Id.* at 2); he received multiple inaccurate and negative evaluations (*Id.*); he was the only employee disciplined for not following a procedure concerning short-term leave that had not yet been announced (*Id.*); he was placed on administrative leave while BSU investigated him as a safety risk, and with no communication before or after the investigation as to why he was suspected to be a safety threat (*Id.* at 3).

While the Court is not determining the ultimate likelihood of success on any of Alghamdi's causes of action, the Court nonetheless finds the Amended Complaint overcomes the low threshold at this early stage to survive initial review.

## V. ORDER

1. After a review of the Amended Complaint, the Court will allow Alghamdi to proceed with his claims against BSU.
2. Because the Court has granted Alghamdi in Forma Pauperis status, pursuant to

[1] The following list does not include all Alghamdi's allegations. Rather, it illustrates that the Amended Complaint alleges specific facts supporting his claims.

Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1915, the Court will serve Alghamdi's Amended Complaint on his behalf.

a. The Clerk of the Court shall forward a copy of the Complaint (Dkt. 2), a copy of the Court's Initial Review Order (Dkt. 4), a copy of this Order, and a Waiver of Service of Summons to BSU at the addresses identified by Alghamdi in his Complaint (Dkt. 2, at 2).

b. The Court will allow BSU to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If BSU chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Federal Rule of Civil Procedure 12(a)(1)(A)(ii).

c. If Alghamdi receives a notice indicating that service will not be waived, he shall have an additional thirty (30) days from the date of such notice to file a notice of physical service, in which case the Court will require its officers to effect service. If Alghamdi fails to file such notice, his claims may be dismissed without prejudice and without further notice.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: August 14, 2026

David C. Nye
U.S. District Court Judge